# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | | |
|---|---|---|
| THE GREAT TENNESSEE PIZZA COMPANY, INC., et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 3:10-CV-151 (Phillips) |
| BELLSOUTH COMMUNICATIONS, INC., et al., | ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the following motions:

- Plaintiffs' Ex Parte Motion for a Temporary Restraining Order [Doc. 14];

- Defendant Bellsouth Communications, Inc.'s ("Bellsouth") Motion for an Extension of Time to File a Response to Plaintiffs' Motion for a Temporary Restraining Order [Doc. 20]; and

- Plaintiffs' Motion to Quash [Doc. 26].

On August 2, 2010, the Court held a hearing to address these motions. During the hearing, the Court **DENIED** Plaintiffs' Motion for a Temporary Restraining Order [Doc. 14], and **GRANTED** Plaintiffs' Motion to Quash [Doc. 26]. The reasons are set forth below.

## I. ANALYSIS

### A. Plaintiffs' Motion for a Temporary Restraining Order [Doc. 14]

On July 14, 2010, Plaintiffs filed an Ex Parte Motion for a Temporary Restraining Order [Doc. 14]. Although there are multiple defendants in this case, the motion is only directed towards

1

Bellsouth. Pursuant to Rule 65 of the Federal Rules of Civil Procedure, Plaintiffs request that the Court order Bellsouth "and its agents and employees (including any debt collectors as that term is defined in the Fair Debt Collection Practices Act) . . . from contacting Plaintiffs, their families, and their stores in an attempt to collect any delinquent accounts owed by Tom Wallace or any of his companies . . ." [Plaintiffs' Motion for a Temporary Restraining Order, Doc. 14-1 at 2]. When determining whether to issue a temporary restraining order ("TRO"), the Court must consider "(1) whether the movant has a strong likelihood of success on the merits, (2) whether the movant would suffer irreparable injury absent a [TRO], (3) whether granting the [TRO] would cause substantial harm to others, and (4) whether the public interest would be served by granting the [TRO]." N.E. Ohio Coal. for the Homeless v. Blackwell, 467 F.3d 999, 1099 (6th Cir. 2006) (citations omitted). These factors are "interrelated considerations that must be balanced together." Id. (quoting Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog, 945 F.2d 150, 153 (6th Cir. 1991)).

In their Motion for a TRO [Doc. 14], Plaintiffs state that they will suffer "irreparable harm" because "the debt collectors' calls are distressing and emotionally damaging . . . [and] calls from the debt collectors to the Knoxville Stores are damaging the Great Tennessee Pizza Company, Inc.'s relationship with its employees and morale . . ." [Doc. 14 at 4]. Plaintiffs are correct that "loss of business goodwill may constitute irreparable harm," Langley v. Prudential Mortg. Capital Co., LLC, 554 F.3d 647, 649 (6th Cir. 2009) (citations omitted), but they have failed to explain how phone calls from debt collection agents have affected customer goodwill. The relevant inquiry is not whether the phone calls have affected employee morale: the issue is whether the phone calls have affected customer goodwill. Plaintiffs have not provided any evidence to show how customer goodwill has been affected.

Plaintiffs also argue that they will suffer "irreparable injury" in the form of emotional

distress. However, damages for emotional distress are compensable by monetary damages, and the Court of Appeals for the Sixth Circuit has held that "a plaintiff's harm is not irreparable if it is fully compensable by money damages." Basicomputer Corp. v. Scott, 973 F.2d 507, 511 (6th Cir. 1992). Thus, emotional distress does not provide a basis for issuing a temporary restraining order.

Moreover, it appears that Plaintiffs have filed the motion against the wrong party. In their Motion for a TRO [Doc. 14], Plaintiffs request that the Court order Bellsouth to stop contacting them. However, Bellsouth never contacted Plaintiffs about the debt: it was the debt collection agencies hired by Bellsouth that contacted the Plaintiffs. If Plaintiffs wanted the debt collection agencies to stop contacting them, they should have filed the motion against the debt collection agencies.

In any event, Plaintiffs have failed to identity: (1) who called them; (2) the date of the phone calls; or (3) the content of the phone calls. During the hearing, counsel for Alliant Law Group, P.C. ("Alliant," one of the alleged debt collection agencies), J. Keith Coates, Jr., stated that Alliant has not contacted the Plaintiffs for months. Plaintiffs did not challenge this statement. Because Plaintiffs have not provided any evidence that debt collection agencies contacted them recently, they have not established that they would suffer "irreparable harm" if the TRO were not granted. Accordingly, Plaintiffs' Motion for a Temporary Restraining Order [Doc. 14] is **DENIED**.

    **B.    Defendant Bellsouth's Motion for an Extension of Time to Respond to Plaintiffs' Motion for a Temporary Restraining Order [Doc. 20]**

Having denied Plaintiffs' Motion for a Temporary Restraining Order [Doc. 14], Bellsouth's Motion for an Extension of Time to Respond to the Motion for a Temporary Restraining Order [Doc. 20] is **DENIED AS MOOT**.

    **C.    Plaintiffs' Motion to Quash [Doc. 26]**

On July 30, 2010, Bellsouth faxed a copy of subpoenasto the office of Plaintiffs' counsel, Ms. Clevinger. The subpoenas directed Peter D'Andrea and Bryan Hamilton to appear at the hearing on August 2, 2010, and produce the following documents:

1. Produce billing or listings of all the phone numbers for Alexander & Wallace Enterprises, Inc., Patton & Alexander, Inc., and Gulf Shores Pizza, Inc. with Bellsouth Telecommunications, Inc. or AT&T Tennessee from January 2008 to the present.

2. Produce any documents showing ownership interest of Peter D'Andrea or Bryan Hamilton in the above entities.

3. Produce any correspondence which identifies the telephone number for any of the contacts by third party collection agencies.

[Plaintiffs' Motion to Quash, Doc. 26 at 3]. Pursuant to Rule 45(c)(3) of the Federal Rule of Civil Procedure, Plaintiffs filed a Motion to Quash [Doc. 26].

At the hearing on August 2, 2010, the Court quashed the subpoenas for being untimely. Under Rule 45(c)(3)(i), courts must quash subpoenas that fail "to allow [the receiving party] a reasonable time to comply . . ." Fed. R. Civ. P. 45(c)(3)(i). The hearing on Plaintiffs' Motion for a Temporary Restraining Order was held on August 2, 2010. Plaintiffs were provided only three days to produce the requested documents. Because the Plaintiffs were not provided with a reasonable time to comply with the subpoenas, the Motion to Quash [Doc. 26] is **GRANTED**.

II. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for a Temporary Restraining Order [Doc. 14] is **DENIED**, Defendant Bellsouth's Motion for an Extension of Time to File a Response to Plaintiffs' Motion for a Temporary Restraining Order [Doc. 20] is **DENIED AS MOOT**, and Plaintiffs' Motion to Quash [Doc. 26] is **GRANTED**.

**IT IS SO ORDERED**.

**ENTER:**

      s/ Thomas W. Phillips
     United States District Judge